## IN THE COURT OF APPEALS OF IOWA

No. 15-0919
Filed August 5, 2015

**IN THE INTEREST OF W.S. and D.S.,**
**Minor Children,**

**W.S., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

The father appeals the juvenile court's order returning full custody of his children, W.S. and D.S., to the mother. **AFFIRMED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Michael K. Jacobsen, County Attorney, and Scott Nicholson, Assistant County Attorney, for appellee State.

Andrew J. Tullar of Tullar Law Firm, P.L.C., Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, J.**

The father appeals the juvenile court's reasonable efforts and permanency order returning full custody of his children, W.S. and D.S., to the mother, under the supervision of the department of human services (DHS). He asserts the children's return to the mother's care is not in their best interests. He also seeks reversal of the court's finding reasonable efforts were made to facilitate the return of the children to his care. We conclude the record supports the juvenile court's findings that placing the children in the mother's care is in their best interests and that reasonable services were provided to the father. Consequently, we affirm the order of the juvenile court.

W.S., born 2002, and D.S., born 2004, first came to the attention of DHS in February 2013. Upon investigation it was established the mother was abusing prescription drugs, and the children were placed with the father. They were subsequently removed from his care on February 13, 2014, due to his positive drug test for amphetamine and methamphetamine; they were placed in relative care following their removal. Following the mother's compliance with services offered, the children were returned to the mother on a trial home visit. Prior to the permanency hearing, both the guardian ad litem and DHS recommended the children be placed back in her full-time care.

The father filed a petition contesting DHS's recommendation that the children be placed with the mother, as well as alleging reasonable efforts were not made to allow him to have the children in his care. His primary assertion was his visits should have been increased and with less supervision. A contested reasonable efforts and permanency hearing was held on April 24 and May 1,

2015. The juvenile court issued an order on May 13, 2015, concluding the children were to be placed in the mother's full-time care and that reasonable efforts had been made for reunification with the father, contrary to his assertions. The father appeals.

We review juvenile proceedings de novo. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). We are not bound by the juvenile court's findings of fact, though they may be persuasive, and our primary concern is the children's best interests. *Id.* Additionally, following removal, the State is required to make reasonable efforts to reunify the children with their parent. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000); *see also* Iowa Code § 232.102(10)(a) (2013).

With regard to the father's reasonable-efforts claim, the court noted the father received many services including visitation, family therapy, individual therapy, and drug screening. It further stated:

> In almost each situation, [the father] wanted things on his terms and on his timeline or he would not cooperate. His lack of cooperation resulted in lapses of visitation, lapses in progress, and lapses in family therapy . . . . [I]t was his actions or inactions which prevented the children returning to his care, not the efforts of the DHS.

The record supports the court's findings and conclusions that reasonable efforts were made and services were provided to the father. Consequently, his claim is without merit. *See* Iowa Code § 232.102(10)(a).

Additionally, given the mother's progress, placement of the children with her was also warranted and in the children's best interests. The mother established that she is now a stable, adequate, and safe placement for the

children, and DHS as well as the guardian ad litem support the children's return to the mother's full-time care. Additionally, the juvenile court found:

> The children cannot be returned to the father's care at this time given the fact that he is still having supervised visitation, has not taken the initiative to resume family therapy, and there is an open assessment of physical abuse . . . . From the beginning, the goal in this case has been to return the children to a parent when it becomes safe to do so. The Court finds that the mother has stabilized her situation, has provided "clean" drug screens for the past year, has cooperated with services, and has exercised visitation including a successful trial home visit. The Court further finds that the mother can provide a safe and secure home for the children, and that return to the mother's care (from where they were originally removed) provides the necessary permanency for these children. The Court finds that it is the children's best interest to be reunited with their mother.

We agree the best interests of the children are served by the district court's findings and conclusions. Consequently, we affirm the juvenile court's order pursuant to Iowa Rule of Court 21.26(1)(a), (d), and (e).

**AFFIRMED.**